1

2

3

4                        UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7    WILMA FOSTER,                          Case No. 13-cv-05772-TEH   (MEJ)

                  Plaintiff,
8                                           **DISCOVERY ORDER**

9          v.                               Re: Dkt. Nos. 38, 39

10   SCENTAIR TECHNOLOGIES, INC., et al.,

               Defendants.
11

12                              **INTRODUCTION**

13         This is an employment action arising out of Plaintiff Wilma Foster's employment with

14   Defendant ScentAir Technologies, Inc. ("ScentAir").  Foster brings claims under California's Fair

15   Employment and Housing Act, Cal. Gov't Code § 12940, et seq. ("FEHA"), for discrimination

16   and harassment on the basis of race and sex, retaliation, failure to prevent discrimination and

17   retaliation, and wrongful termination.  First Am. Compl. ("FAC"), Dkt. No. 32.  Pending before

18   the Court are two discovery dispute letters, filed August 13, 2014.  Dkt. Nos. 38, 39.  In the first,

19   the parties dispute whether Foster is entitled to the production of internal/non-public complaints of

20   sex discrimination and harassment to ScentAir.  Dkt. No. 38 ("RFP Ltr.").  The second concerns

21   ScentAir's responses to Foster's special interrogatories numbers 9 through 12, which revolve

22   around two issues: (1) information regarding an investigation into a purported falsification of

23   documents; and (2) contact information for witnesses and potential witnesses.  Dkt. No. 39

24   ("Interrog. Ltr.").  Having reviewed the parties' disputes, the Court issues the following Order.

25                              **BACKGROUND**

26         Foster, an African-American woman, was an Account Executive for ScentAir in the San

27   Francisco Bay Area.  FAC ¶¶ 1, 10.  Defendant Tim Micklos was her supervisor from December

28   2012 until her termination on or about June 27, 2013.  *Id.* ¶¶ 3, 10, 22, 24.  Foster alleges the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    following.  On April 11, 2013, Foster met with Micklos in a VIP conference room at a hotel in

2    Burlingame, California.[1]  *Id.* ¶ 15.  During the meeting, Micklos asked Foster questions about

3    herself, including whether she and her husband liked going into San Francisco for recreation, and

4    – after she responded that she was single – Micklos told her: "a woman like you needs to have a

5    man to take care of her . . . you know what I mean."  *Id.*  He then asked her whether she "would

6    like to go back to [his] room" and expressed that it would be "more comfortable" there.  *Id.*

7          After leaving the meeting, Foster alleges that Micklos altered the terms and conditions of

8    her employment by denying her sales opportunities, transferring sales opportunities to men,

9    denying her promised training, and withdrawing support of her sales efforts.  *Id.* ¶ 17.  When

10   Foster questioned Micklos about his decisions, Micklos became combative and responded that

11   "[he is] the supervisor," and that she should "not question any decisions" that he made.  *Id.* ¶ 20.

12   Foster also alleges that Micklos failed to take corrective action after hearing an account

13   representative make a racially insensitive remark about driving in the "ghetto" while on a group

14   telephone call.  *Id.* ¶ 22.  Six days after reporting Micklos' alleged failure to take corrective action

15   to ScentAir human resources, Foster was fired for falsifying documents, a charge which she

16   denies.  *Id.* ¶¶ 23-24.  Having exhausted her administrative remedies, Foster brings the present

17   lawsuit.

18                                          **LEGAL STANDARD**

19         Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding

20   any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b).

21   "Relevant information need not be admissible at the trial if the discovery appears reasonably

22   calculated to lead to the discovery of admissible evidence."  *Id.*  "Relevancy, for the purposes of

23   discovery, is defined broadly, although it is not without ultimate and necessary boundaries."

24   *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).  "[T]he party opposing

25   discovery has the burden of showing that discovery should not be allowed, and also has the burden

26   of clarifying, explaining and supporting its objections with competent evidence."  *La. Pac. Corp.*

27   _____

28   [1] ; ScentAir would schedule meetings at hotels because ScentAir does not have offices in
     California.  *Id.* ¶ 15.

1    *v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

2    **DISCUSSION**

3    **A.      Third Party Internal Complaints**

4         In the first letter, the parties dispute whether Foster is entitled to internal complaints made

5    by third party employees with respect to other complaints of sexual discrimination.  Request for

6    Production No. 17 seeks all documents which pertain to complaints of sex discrimination made

7    against ScentAir during the period January 1, 2010 to the present.  RFP Ltr. at 3.  Defendant

8    agreed to produce only "public documents" (complaints that are filed with any court or

9    administrative agencies), based on privacy interests of the complaining employees.  *Id.*

10    Foster argues that evidence of discrimination and harassment against other women is

11    relevant to this lawsuit and discoverable for two reasons.  First, she maintains that discrimination

12    and harassment against others is "me too" evidence that she can use to show bias in the form of

13    harassing activity against other employees.  *Id.*  Additionally, Foster maintains that whether and

14    how ScentAir reacted to other complaints of discrimination or harassment is relevant because

15    ScentAir asserts that she failed to mitigate damages by not complaining before her termination,

16    thereby permitting it to remedy the discrimination and harassment.  *Id.*  Foster also notes there is a

17    stipulated protective order in place to address any third party privacy concerns.  *Id.*

18         In response, ScentAir maintains that Foster's request should be limited to publicly filed

19    documents, maintaining that they are personnel records protected within the right of privacy in

20    California.  *Id.* at 4. ScentAir argues that its employees are entitled to a right of privacy in their

21    personnel matters, including concerns that they have raised to the employer in a confidential

22    manner.  *Id.*

23         The personnel records of other employees are confidential and thus protected from

24    discovery by a plaintiff "unless the litigant can show a compelling need for the particular

25    documents and that the information cannot reasonably be obtained through depositions or from

26    nonconfidential sources."  *Harding Lawson Assocs. v. Superior Court*, 10 Cal. App. 4th 7, 10

27    (1992).  Thus, it is insufficient for a plaintiff to state that discovery of an employee's personnel

28    record is necessary to facilitate the prosecution of the action.  *El Dorado Sav. & Loan Ass'n v.*

United States District Court
Northern District of California

3

1    *Sup. Ct. of Sacramento Cnty.*, 190 Cal. App. 3d 342, 345-46 (1987).  A plaintiff must also show

2    that there are no less intrusive means to "satisfy plaintiffs' legitimate need for relevant

3    information."  *Id.* at 346.

4           Here, the Court agrees that discrimination and harassment against other ScentAir

5    employees could be relevant to Foster's claims.  However, she has not shown a compelling need

6    for the confidential personnel records of these other employees.  ScentAir has offered to produce

7    all publicly filed documents, such as a lawsuit or a charge that alleges sex discrimination filed by

8    any employee in court or through an administrative agency.  Further, Foster has not shown that the

9    information could not reasonably be obtained through depositions or from nonconfidential

10   sources.  Accordingly, Foster's request for production of internal complaints made by nonparty

11   employees is DENIED.

12   **B.      Information Regarding Investigation into Falsification of Documents**

13          The second letter concerns ScentAir's responses to four special interrogatories.  Foster's

14   Interrogatory No. 9 requests information about an investigation regarding whether Foster falsified

15   documents: "Describe the investigation undertaken by Defendant ScentAir Technologies, Inc. into

16   allegations that Plaintiff falsified customer documents and identify all individual(s) interviewed

17   during any investigation resulting in Defendant ScentAir Technologies, Inc.'s termination of

18   Plaintiff."  Interrog. Ltr., Attach. 1.  ScentAir responded: "Upon learning Plaintiff's falsification of

19   the customer documents, Defendant contacted the representative of Marriott and discussed the

20   customer's concerns and verified the contract at issue to ascertain that Plaintiff improperly altered

21   the contractual provision with the customer."  *Id.*

22          Foster argues that this response fails to answer the interrogatory because it does not

23   provide the name of each individual that was interviewed during any investigation.  Jt. Ltr. at 2.

24   Foster maintains that ScentAir has refused to provide the names of anyone involved in the

25   investigation, including even the individual to whom it spoke at the Marriott.  *Id.*  Foster also

26   argues that ScentAir failed to identify each of the customer's claims in detail – the response does

27   not state what she purportedly falsified, who from ScentAir called Marriott, which individual at

28   Marriott was spoken to, what the customer concerns were, and what contract issue Foster

United States District Court
Northern District of California

4

1   improperly altered. *Id.*

2          ScentAir's position is that its response describes the investigation it undertook – contacting

3   the customer representative to discuss the customer's concerns and the falsification of the

4   agreement at issue. *Id.*  In addition, ScentAir notes that it has produced the actual documents of

5   email correspondence between it and Marriott in which these discussions and customer complaints

6   took place. *Id*.

7          Upon review of the parties' arguments, the Court finds that ScentAir's response to

8   Interrogatory No. 9 is inadequate.  First, Foster is entitled to a full response to the interrogatory

9   with all information available to ScentAir.  Fed. R. Civ. P. 33(b).  Referring to unspecified

10   customer representatives, customer concerns, and agreements does not satisfy this burden.

11   Second, Foster should not have to rummage through other discovery materials to find an answer to

12   her request.  An answer to an interrogatory should be complete in itself and should not refer to the

13   pleadings, or to depositions or other documents, or to other interrogatories. *Mulero-Abreu v.*

14   *Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir. 2012).  Accordingly, the Court ORDERS

15   ScentAir to supplement its response to Interrogatory No. 9.  ScentAir shall describe what the

16   customer concerns were, what Foster purportedly falsified and what contract issue she improperly

17   altered, and provide the names of anyone involved in the investigation.

18   **C.      Contact Information for Witnesses and Potential Witnesses**

19          Interrogatory No. 10 asks ScentAir to "[i]dentify (by full legal name, current residential

20   address and telephone number) each person that has reported to Defendant Tim Micklos or has

21   otherwise been supervised by him since the commencement of his employment with ScentAir

22   Technologies, Inc." Interrog. Ltr., Attach. 1.  Interrogatory No. 11 asks ScentAir to "[i]dentify

23   each person that has reported to Defendant Tim Micklos or has otherwise been supervised by him

24   since the commencement of his employment with ScentAir Technologies, Inc. who has been

25   terminated or otherwise left the employment of ScentAir Technologies, Inc." *Id.*  ScentAir

26   responded to both interrogatories with a list of names, but objected to providing further

27   information as a violation of the nonparty employees' right of privacy. *Id.*

28          "'Courts have frequently recognized that individuals have a substantial interest in the

United States District Court
Northern District of California

5

1    privacy of their home.'"  *Life Tech. Corp. v. Superior Court*, 197 Cal. App. 4th 640, 653 (2011)

2    (quoting *Planned Parenthood Golden Gate v. Superior Court*, 83 Cal. App. 4th 347, 359 (2000)).

3    This includes addresses and telephone numbers.  *Puerto v. Superior Court*, 158 Cal. App. 4th

4    1242, 1252 (2008) ("It is most probable that the employees gave their addresses and telephone

5    numbers to their employer with the expectation that they would not be divulged externally except

6    as required to governmental agencies or to benefits providers.  This is a reasonable expectation in

7    light of employers' usual confidentiality customs and practices.").

8           Here, the Court finds that the employees listed in ScentAir's responses have a reasonable

9    expectation of privacy in their addresses and telephone numbers.  None of them have been named

10   as percipient witnesses and it is not clear whether they have any information relevant to Foster's

11   claims.  At the same time, Foster is entitled to pursue her case, and she is hampered by the fact

12   that ScentAir has the contact information for potential witnesses to whom she has no similar

13   access.  Further, the Court notes that contact information, "while personal, is not particularly

14   sensitive, as it is merely contact information, not medical or financial details, political affiliations,

15   sexual relationships, or personnel information."  *Id.* at 1253.  "While it is unlikely that the

16   employees anticipated broad dissemination of their contact information when they gave it to

17   [ScentAir], that does not mean that they would wish it to be withheld . . . from plaintiffs seeking

18   relief for violations of employment laws in the workplace that they shared."  *Id.* (citation and

19   internal quotations omitted).  Thus, where nonparties' identities are relevant to the action (e.g.,

20   because they have suffered similar injuries), a party may be compelled to disclose their names,

21   addresses and phone numbers, provided the nonparties are notified and given an opportunity to

22   object to disclosure of their contact information.  *Pioneer Electronics (USA), Inc. v. Sup. Ct.*

23   *(Olmstead)*, 40 Cal. 4th 360, 367 (2007).

24          To balance these competing interests, the Court finds it appropriate for ScentAir to provide

25   notice to the employees of Foster's claims and allow them to determine whether they wish to have

26   their contact information disclosed to her.  Utilizing this procedure, which is similar to the "opt in"

27   process for class actions means that no obligation is imposed on the nonparty employees to

28   respond or to assert their privacy rights.  *Puerto*, 158 Cal. App. 4th at 1257.  The parties shall meet

United States District Court
Northern District of California

and confer to determine the content of the notice provided to the employees.[2]

## CONCLUSION

Based on the analysis above, the Court DENIES Foster's request to compel production of third party internal complaints and GRANTS Foster's request for ScentAir to supplement its response to Interrogatory No. 9.  As to Foster's request for nonparty contact information, the parties shall meet and confer to determine the content of a notice that ScentAir shall provide to the employees, informing them of Foster's claims and allowing them to determine whether they wish to have their contact information disclosed to her.

**IT IS SO ORDERED.**

Dated: August 15, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[2] Foster also seeks the contact information for Tim Micklos.  Interrog. Ltr. at 5.  However, ScentAir states that Micklos is represented by his own attorney, who would accept a notice of deposition or other discovery matters on his behalf.  *Id.*  Thus, as the contact information appears unnecessary, the Court DENIES this request.